IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-CR-102-RLJ-HBG |
| ) | |
| CODY WAYNE RUTHERFORD, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 19, 2018, for a motion hearing on Defendant Cody Wayne Rutherford's Motion to Dismiss Indictment [Doc. 16], filed on November 1, 2018. Assistant United States Attorney Luke McLaurin appeared on behalf of the Government. Assistant Federal Defender Bobby E. Hutson, Jr., represented Defendant Rutherford, who was also present. The Court heard argument on the motion and took the matter under advisement.

For the reasons discussed herein, the undersigned finds that while the instant charge and the Defendant's conviction in Anderson County Criminal Court are the same offense, convictions for both are permissible under the dual sovereignty doctrine, which remains binding precedent at this time.

I.  **BACKGROUND AND POSITIONS OF THE PARTIES**

Defendant Rutherford was arrested for carrying or possession of a weapon in violation of Tennessee Code Annotated § 39-17-1307 on April 26, 2018, in Anderson County, Tennessee [Doc.

16-1, Anderson County General Sessions Warrant]. On July 27, 2018, the Defendant entered a guilty plea in Anderson County Criminal Court to felony possession of a firearm in violation of Tenn. Code Ann. § 39-17-1307(c) and was sentenced to two years of supervised probation [Doc. 16-1, Judgment]. Section § 39-17-1307(c) of the Tennessee Code Annotated prohibits possession of a handgun by a person previously convicted of a felony.[1] On August 8, 2018, Defendant Rutherford was indicted [Doc. 3] federally for being a felon in possession of a firearm (Count One) on April 26, 2018, in violation of 18 U.S.C. § 922(g)(1).

Defendant Rutherford asks [Doc. 16] the Court to dismiss the Indictment in this case, arguing that a federal conviction would violate the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment. He contends that he was previously sentenced in state court for the same conduct alleged in the Indictment. The Defendant maintains that although the dual sovereignty doctrine permits a conviction for the same offense in state and federal court, this doctrine is unconstitutional, because the reasons for its creation no longer exist. In this regard, he asserts that the Double Jeopardy Clause now applies to the states and dual state and federal prosecutions now occur frequently, rather than rarely, due to the vast expansion of federal criminal law. Defendant Rutherford observes that the dual sovereignty doctrine is currently under review by the Supreme Court and asks this Court to hold that it is no longer good law.

The Government responds [Doc. 18] that the Court must deny the Defendant's motion, because it is bound by the dual sovereignty doctrine, which remains controlling precedent, unless and until it is overruled by the Supreme Court.

---

[1] Section 39-17-1307(c) contains three exceptions under which a person previously convicted of a felony may possess a firearm. The Defendant acknowledges that none of the three exceptions apply to him [Doc. 16, p.2].

2

## II. ANALYSIS

"No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb, . . . nor be deprived of life, liberty, or property, without due process of law[.]"  U.S. Const., Amt. V; *see also* Amt XIV (the Fourteenth Amendment makes the Due Process Clause applicable to the states).  The Defendant maintains that the Indictment in this case violates his right to be free of double jeopardy, because he has already been convicted of the same offense in state court.  Although the Defendant acknowledges that the dual sovereignty doctrine permits convictions for the same offense by separate sovereigns, the Defendant contends that this doctrine is unconstitutional, as the reasons underlying its creation no longer exist.  The Government argues that controlling precedent on the doctrine of dual sovereignty forecloses the Defendant's double jeopardy argument.  The Court must agree with the Government, for the reasons discussed herein.

Pursuant to the dual sovereignty doctrine, "State and Federal Governments [have] the power to prosecute for the same act . . . [as both] have legitimate, but not necessarily identical, interests in the prosecution of a person for acts made criminal under the laws of both."  *Rinaldi v. United States*, 434 U.S. 22, 28 (1977) (per curiam).  "[U]nder the doctrine of dual sovereignty, successive prosecutions by different sovereigns do not offend double jeopardy."  *United States v. Holmes*, 111 F.3d 463, 467 (6th Cir. 1997).  Thus, a "prosecution in state court under state law, . . . followed by a prosecution in federal court under federal law, does not violate the constitutional prohibition on double jeopardy."  *Id.*

Our appellate court continues to follow the dual sovereignty doctrine.  In *United States v. Patterson*, the defendant was convicted under Ohio state law for receiving stolen property (a gun) and entered a guilty plea under federal law for being a felon in possession of a firearm, both convictions arising out of Patterson's possession of a pistol on July 30, 2014.  853 F.3d 298, 300 (6th Cir.), *cert. denied* 138 S. Ct. 273 (2017).  The court found no double jeopardy violation,

3

holding that "Ohio could prosecute Patterson under its general police power, and the United States could prosecute him because the gun had traveled in interstate commerce." *Id.* at 302. Because both Ohio and in the United States "derive their power to prosecute from separate sources of sovereignty," each could prosecute the defendant under its separate criminal code. *Id.* Likewise, in the instant case, both the State of Tennessee and the United States each have an interest in prosecuting Defendant Rutherford for his possession of a firearm on April 26, 2018. Accordingly, the Court finds that the dual sovereignty doctrine prevents a double jeopardy violation from arising out of the charges in the instant case.

The Defendant argues that the reasons undergirding the development of the dual sovereignty doctrine no longer apply and that, thus, the doctrine should be overturned. In 1847, the Supreme Court held that the state could prosecute a defendant for passing counterfeit coins and the federal government could prosecute for counterfeiting, because the Double Jeopardy Clause did not apply to the states. *Fox v. Ohio*, 46 U.S. 410, 434-35 (1847); *United States v. Lanza*, 260 U.S. 377, 381 (1922) (expressly holding that separate state and federal prosecutions for the same offense are not unconstitutional, because the Double Jeopardy Clause prohibits only successive federal prosecutions). Although the high Court in *Fox* recognized the "possibility of double punishment, [it ] denied that from this flowed a finding of pre-emption [based upon the Supremacy Clause], concluding instead that both the Federal and State Governments retained the power to impose criminal sanctions, the United States because of its interest in protecting the purity of its currency, the States because of their interest in protecting their citizens against fraud." *Bartkus v. Illinois*, 359 U.S. 121, 129 (1959).

Just over one hundred years after *Fox*, in *Barkus v. Illinois*, the Supreme Court held that successive prosecutions by federal and state authorities did not violate the Due Process Clause of the Fourteenth Amendment, in part because the Fourteenth Amendment did not apply the first

4

eight amendments in the Bill of Rights to the states. 359 U.S. at 128-29. However, in 1969, the Supreme Court reversed course and held that the Double Jeopardy Clause applies to the states. *Benton v. Maryland*, 395 U.S. 784, 787 (1969).

The Defendant argues that a second basis for the dual sovereignty doctrine—that prosecutions by both state and federal authorities will be rare—also no long applies. *See Fox*, 46 U.S. at 435 (observing that dual prosecution would be extremely rare). He contends that federal criminal law has now vastly expanded and results frequently in coordination between state and federal law enforcement. Thus, the Defendant maintains that due to these doctrinal and factual changes, the policies underlying the dual sovereignty doctrine no longer exist and the doctrine should no longer apply. The Defendant also points out that Justice Ginsburg recently observed that the dual sovereignty doctrine "bears fresh examination[.]" *Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1877 (2016) (Ginsburg, J., concurring). In this regard, the Defendant observes that the Supreme Court has recently granted certiorari in *United States v. Gamble*, 694 F. App'x 750 (11th Cir. 2017) (per curiam), a case in which the Eleventh Circuit affirmed the continuing applicability of the doctrine of dual sovereigns in the wake of *Sanchez Valle*. 138 S. Ct. 2707 (2018) (granting certiorari). The Supreme Court heard oral argument on this case on December 6, 2018, but has yet to rule as of the filing of this Report.

First, the Court questions whether all of the reasons for the dual sovereignty doctrine no longer apply, as argued by the Defendant. In *Sanchez Valle*, the Supreme Court observed that it has "long held" that "two prosecutions . . . are not for the same offense if brought by different sovereigns—even when those actions target the identical criminal conduct through equivalent criminal laws." *Id.* at 1870. "'When the same act transgresses the laws of two sovereigns, it cannot be truly averred that the offender has been twice punished for the same offense; but only that by one act he has committed two offenses.'" *Id.* (quoting *Heath v. Alabama*, 474 U.S. 82, 88 (1985)).

5

In such a case, the offender has "violate[d] the peace and dignity of two sovereigns by breaking the laws of each[.]" *Heath*, 474 U.S. at 88. The states derive their power to prosecute violations of criminal law from their original authority "belonging to them before admission to the Union and preserved to them by the Tenth Amendment." *Sanchez Valle*, 136 S. Ct. at 1871 (internal citation omitted). Accordingly, even accepting the Defendant's arguments regarding the application of the Double Jeopardy Clause to the states and the expansion of federal criminal law, the states still possess "'separate and independent sources of power and authority' which they continue to draw upon in enacting and enforcing criminal laws." *Id.* (quoting *Heath*, 474 U.S. at 89). In other words, the most significant reason for the dual sovereignty doctrine—that separate sovereigns with separate sources of authority have different policy interests in prohibiting certain criminal acts—still exists.

Moreover, as pointed out by the Government, although the dual sovereignty doctrine may currently be under review by the Supreme Court, at present it remains binding precedent for this Court. *See Hutto v. Davis*, 454 U.S. 370, 374 (1982) (observing that lower federal courts must follow precedent). The undersigned finds that the dual sovereign doctrine remains binding on this Court at this juncture. The Supreme Court affirmed the dual sovereignty doctrine with regard to state and federal convictions most recently in *Sanchez Valle*, 138 S. Ct at 1870. The Sixth Circuit applied the dual sovereignty doctrine in 2017. *See Patterson*, 853 F.3d at 302; *see also Turner v. United States*, 885 F.3d 949, 954-55 (6th Cir. 2018) (en banc) (applying the dual sovereignty doctrine to the Sixth Amendment right to counsel). The Supreme Court's grant of certiorari in *Gamble* is not necessarily an indication that the dual sovereignty doctrine will be overturned. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 689 (1997) (stating that the Court's decision to grant the petition for certiorari "express[es] no judgment concerning the merits of the case"). Accordingly, the Court continues to find that the instant charges do not violate the Double Jeopardy Clause or

the due process of law, despite the Defendant's conviction for the same offense in state court as that with which he currently stands charged, because the dual sovereignty doctrine permits his prosecution in both state and federal courts.

### III. CONCLUSION

The Court finds that the Indictment does not violate the Defendant's rights under the Fifth or Fourteenth Amendments. Accordingly, the undersigned respectfully **RECOMMENDS** that the Motion to Dismiss Indictment [Doc. 16] be denied.[2]

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

7