UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:18-CR-102 |
| ) | |
| CODY WAYNE RUTHERFORD ) | |

## **MEMORANDUM AND ORDER**

The defendant is charged with being a felon in possession of a firearm and ammunition. He has filed a motion to dismiss the indictment. [Doc. 16]. The United States has responded in opposition. [Doc. 18].

United States Magistrate Judge Bruce Guyton conducted a motion hearing on November 19, 2018. Now before the Court is the magistrate judge's February 15, 2019 report and recommendation ("R&R"), recommending that the defendant's motion be denied. [Doc. 21]. The defendant objects to the R&R, continuing to argue that the instant indictment should be dismissed because he has already been prosecuted for the same crime in state court. [Doc. 22].

A district court is both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). The district court need not provide *de*

*novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

The present R&R fully sets forth the pertinent facts, authority, and analysis. Those points need not be repeated herein.

By his motion to dismiss, the defendant asks this Court to reject the Supreme Court's long-standing separate sovereigns exception to the Double Jeopardy Clause. *See, e.g., Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1870 (2016) ("[T]wo prosecutions, this Court has long held, are not for the same offense if brought by different sovereigns—even when those actions target the identical criminal conduct through equivalent criminal laws."); *see also United States v. Patterson*, 853 F.3d 298 (6th Cir. 2017) (adhering to the separate sovereigns exception as recently as 2017). The motion will be denied because this Court is required to follow precedent. *See, e.g., Hutto v. Davis*, 454 U.S. 370, 374 (1982) ("a precedent of this Court must be followed by the lower federal courts").

As noted by the defense, the separate sovereigns exception is presently again before the Supreme Court. *See Gamble v. United States*, 694 F. App'x 750 (11th Cir. 2017), *cert. granted*, 138 S. Ct. 2707 (U.S. June 28, 2018) (No. 17-646). In *Gamble*, the Supreme Court will presumably modify, affirm, or reject the dual sovereigns doctrine, and this Court stands ready to follow that holding.

In the meantime, finding itself in complete agreement with the magistrate judge, the Court **ADOPTS** the findings of fact and conclusions of law set out in the report and

recommendation [doc. 21]. It is **ORDERED** that the defendant's motion to dismiss [doc. 16] is **DENIED.** This case remains set for trial on March 18, 2019.

      **IT IS SO ORDERED.**

                                           ENTER:

                                           s/ Leon Jordan
                                   United States District Judge