UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:18-CR-102 |
| | ) |
| CODY WAYNE RUTHERFORD | ) |

**MEMORANDUM AND ORDER**

The defendant pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). He is presently set for sentencing on May 11, 2021.

The probation office has disclosed its Presentence Investigation Report ("PSR") [doc. 37], which deems the defendant an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"). Now before the Court is the defendant's objection to that designation. [Doc. 44]. The United States has filed a response in opposition. [Doc. 47]. For the reasons that follow, the defendant's objection will be overruled.[1]

I.

*Background and Authority*

The ACCA provides, "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different

---

[1] To its credit, the defense acknowledges that its objection is foreclosed by Sixth Circuit authority including *United States v. Hennessee*, 932 F.3d 437 (6th Cir. 2019). [Doc. 44, p. 2]. The defendant nonetheless "raises [his objection] to preserve it." [*Id.*].

from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . ."). *See* 18 U.S.C. § 924(e)(1). The PSR in this case cites three prior convictions, found at paragraphs 29, 32, and 33 of that document, as meeting the ACCA definition of "violent felony." Two of those convictions are for Tennessee aggravated burglary. The other is for Tennessee burglary.

The defendant objects that there is no evidence which this Court can constitutionally consider to determine whether these three felonies were "committed on occasions different from one another." As such, according to the defendant, his three prior Tennessee burglary and aggravated burglary convictions amount to only one collective ACCA predicate.

II.

*Analysis*

This Court is of course bound by Sixth Circuit precedent and is "not free to pick and choose the portion of a prior published decision that [the Court] will follow and those that [it] will disregard. Nor [does the Court] enjoy greater latitude in situations where . . . precedents purportedly are tainted by analytical flaws." *Grundy Mining Co. v. Flynn*, 353 F.3d 467, 479 (6th Cir. 2003).

Crimes are committed on different occasions from one another for purposes of the ACCA if:

> 1. It is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins;
>
> 2. It would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense; or

2

3. The offenses are committed in different residences or business locations.

*United States v. Paige*, 634 F.3d 871, 873 (6th Cir. 2011) (citing and quoting *United States v. Hill*, 440 F.3d 292, 297-98 (6th Cir. 2006)). The prosecution bears the burden of proving, by a preponderance of the evidence, that the prior crimes were indeed committed on different occasions. *See United States v. Pham*, 872 F.3d 799, 801 (6th Cir. 2017).

At paragraph 29, the PSR states that the defendant committed aggravated burglary of a residence in Anderson County, Tennessee, on September 13, 2018. At paragraph 32, the PSR states that the defendant committed burglary of Lily's Tobacco Store in Campbell County, Tennessee, on January 15, 2010. At paragraph 33, the PSR states that the defendant committed aggravated burglary of a residence in Anderson County, Tennessee, on or about September 19, 2010. However, the PSR in this case cannot be dispositive of the "different occasions" issue because it is not an approved *Shepard* document. *See, e.g., United States v. Gardner*, 649 F.3d 437, 445 (6th Cir. 2011).

Instead, the Court's inquiry is limited to those documents approved by the *Shepard* Court: "the charging document, the terms of a plea agreement or transcript of a plea colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005); *see also United States v. King*, 853 F.3d 267, 270-71, 273 (6th Cir. 2017) (A court's "different occasions" inquiry is restricted to *Shepard*-approved documents.). A judgment of conviction is also a "comparable judicial record" reviewable under *Shepard*. *See United States v. Southers*, 866 F.3d 364, 369 (6th Cir. 2017); *United States v. Sosa*, 448 F. App'x 605, 609 (6th Cir. 2012). Additionally, the

Court may only consider those facts contained in *Shepard* documents that were "necessarily determined beyond a reasonable doubt by the trier of fact or necessarily admitted by the defendant." *King*, 853 F.3d at 273. "[A] district court may consider both elemental and non-elemental facts contained in *Shepard*-approved documents to determine whether prior felonies were committed on occasions different from one another for purposes of the ACCA." *United States v. Hennessee*, 932 F.3d 437, 444 (6th Cir. 2019).

In this case, the Court will begin its analysis with the state court charging documents. [Doc. 47, Exs. 1A, 2A, 3A]. The first of those indictments alleged that the defendant violated the Tennessee aggravated burglary statute (Tenn. Code Ann. § 39-14-403) on or about September 14, 2008, at "the habitation of Barbara Rutherford." [*Id.*, Ex. 1A]. The next indictment alleged that defendant violated the Tennessee burglary statute (Tenn. Code Ann. § 39-14-402) on or about January 15, 2010, at "the building of Mike Miller dba Lily's Tobacco Store." [*Id.*, Ex. 2A]. The final indictment accused the defendant of committing Tennessee aggravated burglary on or about September 22, 2010, at "the habitation of Williams [sic] Jones." [*Id.*, Ex. 3A].

Next, the Court looks to the state court judgments for each ACCA predicate. [Doc. 47, Exs. 1B, 2B, 3B]. Each judgment is signed by the defendant's attorney. Each judgment shows that the defendant was indeed convicted of the crimes charged in the above-cited indictments, consistent with the facts relied upon in the instant PSR. Each judgment—for the purpose of restitution—lists the name of the victim in each case (matching the names listed in the charging documents), providing a unique address for each victim. Each

judgment also specifies the offense date for each crime. Those offense dates match the charging documents and are different from one another.

Having considered these *Shepard*-approved documents, the Court is easily satisfied by a preponderance of the evidence—under every alternate prong of the *Paige* test—that the defendant's Tennessee burglary and aggravated burglaries were "committed on occasions different from one another" as required by the ACCA. The crimes were committed on different dates. *See Paige*, 634 F.3d at 873. The crimes were committed at distinct locations. *See id.* It would have been easily possible for the defendant to cease his criminal conduct after one crime before committing the next. *See id.*

The PSR therefore correctly concludes that the defendant has three ACCA predicate convictions. He is an Armed Career Criminal.

V.

*Conclusion*

As provided herein, the defendant's objection to his PSR [doc. 44] is **OVERRULED**. Absent further order of the Court, sentencing remains set for **Tuesday, May 11, 2021, at 10:30 a.m.** in Knoxville.

    **IT IS SO ORDERED.**

ENTER:

    s/ Leon Jordan
    United States District Judge